# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
## No. 20-1517V

GLORIA SUPERNAW,

                  Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                  Respondent.

Chief Special Master Corcoran

Filed: December 30, 2024

*Andrew Donald Downing, Downing, Allison & Jorgenson, Phoenix, AZ, for Petitioner.*

*Eleanor Hanson, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On November 3, 2020, Gloria Supernaw filed a Petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"), alleging that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza vaccine administered to her on September 28, 2019. Petition (ECF No. 1). On September 9, 2024, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 45.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $41,331.86 (representing $40,695.50 in fees plus $636.36 in costs). Application for Attorneys' Fees and Costs filed September 10, 2024, ECF No. 47. Furthermore, counsel for Petitioner represents that Petitioner incurred no personal out-of-pocket expenses. *Id.* at 20.

Respondent reacted to the motion on September 11, 2024, indicating that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case but deferring resolution of the amount to be awarded to my discretion. Motion at 2-3, ECF No. 50. Petitioner has not filed a reply.

Having considered the motion along with the invoices and other proof filed in connection, I find a reduction in the amount of fees to be awarded appropriate, for the reason set forth below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Hum. Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private

2

practice ethically is obligated to exclude such hours from his fee submission."
*Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

The rates requested for work performed through the end of 2024 are reasonable and consistent with our prior determinations, and will therefore be adopted.

Regarding the number of hours billed, I deem the *total* amount of time devoted to briefing to be excessive. *See* Petitioner's Brief Regarding Site of Vaccine Administration, filed Feb. 9, 2023, ECF No. 34; Petitioner's Reply in Support of Brief Regarding Site of Vaccine Administration, filed June 28, 2023, ECF No. 37. Petitioner's counsel expended approximately 36.2[3] hours on briefing – 23.1 hours drafting the initial brief and 13.1 hours drafting the reply brief. ECF No. 47 at 23-25. My above calculation does not include time spent communicating with Petitioner, analyzing and preparing additional supporting damages documentation such as medical records, diary entries, and affidavits or signed declarations, which is also being awarded in full. *See,* e.g., ECF No. 47 at 23-24 (entries dated 2/4/23 – 1.0 hour for client phone call, and 2/13/23).

It is unreasonable for counsel to spend so much time briefing the factual issue of situs in this case. I have identified numerous cases (which may reasonably be compared to time spent in this matter),[4] in which attorneys have accomplished a similar task in about half the time.[5]

---

[3] These totals are calculated as follows: 25.5 hours billed on 1/31/23, 2/1/23, 2/2/23, 2/3/23, 2/6/23, 2/7/23, 2/8/23, 2/9/23, 5/25/23, 5/31/23, 6/18/23, 6/24/23, 6/25/23, 6/26/23, and 6/27/23 by Courtney Jorgenson, at a rate of $345 and 10.7 hours billed on 2/3/23, 2/4/23 (.8 hours only, not counting 1.0 hour for client phone call), 2/7/23, 2/9/23, and 6/28/23, by Andrew Downing, at a rate of $445.

[4] Special masters may use comparisons to attorneys performing similar tasks to determine if hours are excessive. *See Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1518-1521 (Fed. Cir. 1993).

[5] *See*, e.g., *Fletcher v. Sec'y of Health & Hum. Servs.*, No. 20-0127V (Apr. 25, 2024) (12.7 and 9.0 billed for a brief and reply regarding onset and symptoms location); *Lamine v. Sec'y of Health & Hum. Servs.*, No. 20-1560V (Mar. 27, 202) (8.9 and 7.2 hours billed for a brief and reply brief regarding onset and severity); *Davenport v. Sec'y of Health & Hum. Servs.*, No. 20-0206V (Mar. 25, 2024) (16.5 and 2.6 billed for a brief and reply regarding prior pain, onset, and possible alternative cause); *Graczyk v. Sec'y of Health & Hum. Servs.*, No. 21-0376V (Feb. 9, 202) (5.8 and 8.3 hours billed for a brief and reply brief regarding onset); *Sisneros v. Sec'y of Health & Hum. Servs.,* No. 20-2070V (Feb. 8, 2024) (10.5 hours billed for drafting a reply brief for a factual ruling regarding severity); *Alsip v. Sec'y of Health & Hum. Servs.*, No. 21-1815V (Mar. 22, 2023) (9.6 billed for a brief regarding severity); *Law v. Sec'y of Health & Hum. Servs.*, No. 21-0699V (Feb. 23, 2023) (13.2 hours billed for a brief regarding severity); *Smith v. Sec'y of Health & Hum. Servs.,* No. 19-0314V (Apr. 26, 2022) (11 and 5 hours billed for drafting a motion and reply for a factual ruling regarding onset); *Alsip v. Sec'y of Health & Hum. Servs.*, No. 21-1815V (Mar. 22, 2023) (9.6 billed for a brief regarding severity); *Law v. Sec'y of Health & Hum. Servs.*, No. 21-0699V (Feb. 23, 2023) (13.2

Although I still find the amount of time expended to be excessive, I will reduce the hours billed by a lower amount than I otherwise would apply.[6] *See,* e.g., *Moreland v. Sec'y of Health & Hum. Servs.,* No. 18-1319V, 2023 WL 7104781 (Fed. Cl. Spec. Mstr. Aug. 31, 2023). Having prevailed in this case, a fees award is generally appropriate. But the Act permits only an award of a *reasonable amount of* attorney's fees. Accordingly, I will reduce the sum to be awarded for damages briefing (**a total of 36.2 hours, or $13,559.00)** by *twenty percent.* Such an across-the-board reduction (which I am empowered to adopt)[7] fairly captures the overbilling evidenced by this work, without requiring me to act as a "green eye-shaded accountant" in identifying with specificity each objectionable task relevant to this one sub-area of work performed on the case. **This results in a reduction of $2,711.80.[8]**

## ATTORNEY COSTS

Furthermore, Petitioner has provided supporting documentation for all claimed costs, ECF No. 47 at 27-33, 54-55, 57-67. And Respondent offered no specific objection to the rates or amounts sought. I have reviewed the requested costs and find them to be reasonable.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. **I award a total of $38,620.06 (representing $37,983.70 in**

---

hours billed for a brief regarding severity); *Smith v. Sec'y of Health & Hum. Servs.,* No. 19-0314V (Apr. 26, 2022) (11 and 5 hours billed for drafting a motion and reply for a factual ruling regarding onset). These decisions can be found on the United States Court of Federal Claims website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc (last visited Dec. 7, 2024).

[6] *Kosma v. Sec'y of Health & Hum. Servs.,* No. 21-0538V (May 20, 2024) (applying a thirty percent deduction). This decision can be found on the United States Court of Federal Claims website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc (last visited Dec. 7, 2024).

[7] Special masters are permitted to employ percentage reductions to hours billed, provided the reduction is sufficiently explained. *See,* e.g., *Abbott v. Sec'y of Health & Hum. Servs.,* 135 Fed. Cl. 107, 111 (2017); *Raymo v. Sec'y of Health & Hum. Servs,* 129 Fed. Cl. 691, 702-704 (2016); *Sabella v. Sec'y of Health & Hum. Servs.,* 86 Fed. Cl. 201, 214 (2009).

[8] This amount is calculated as follows: (25.5 x $345 x .20) + (10.7 x $445 x .20) = $2,711.80.

**fees plus $636.36 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Andrew D. Downing.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[9]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[9] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

5